VILLAR, PLAINTIFF AND APPELLANT, *v.* PORTALATÍN, DEFENDANT AND APPELLEE.

APPEAL from the Second District Court of San Juan in an Action for Acknowledgment of Servitude.—Memorandum of Costs.—Motion for Dismissal.

No. 3432.—Decided November 13, 1924.

APPEAL—BRIEF—DISCRETION OF COURT.—Although the appellant may be allowed to file his brief shortly after receiving notice of a motion for dismissal, the Supreme Court will not exercise its discretion to admit it if the questions raised therein are without merit.

ID.—Costs—Temerity.—The question of temerity can not be raised in the Supreme Court on appeal from an order in a matter of costs.

The facts are stated in the opinion.

*Messrs. Campillo & Campillo* and *M. Tous Soto* for the appellant.

*Mr. A. Marín Marién* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is a motion for dismissal of the plaintiff's appeal from an order of the court below approving the defendant's memorandum of costs.

The motion is based on the failure of the appellant to file his brief in time. It appears from the record that the court sustained the appellant's motion for an extension of thirty days for filing his brief, but that it was not filed within the time allowed. Then the motion for dismissal was filed on September 21, 1924, and although the brief was filed on the same day, it was filed some hours later.

As this is a matter lying within the discretion of the court, we might have exercised that discretion in favor of the appellant but for the fact that the brief does not show or discuss anything to justify us in interfering with the order of the court below.

The pleadings in the principal action were a complaint, an answer and a counter-complaint. The complaint was dismissed and the essential part of the counter-complaint was sustained, the plaintiff being adjudged to pay all of the costs. The judgment of the trial court was affirmed in the same manner by this Supreme Court. The memorandum of costs was for $314 and it was reduced by the court below to $214. This amount includes $200 for attorney's fees. The appellant was not satisfied with the reduction and still insists in discussing the question of temerity, alleging that there was none on the part of the plaintiff in bringing the action. This shows how frivolous is his appeal. In rendering judgment

the court below took into account the temerity or fault of the plaintiff and imposed upon him the costs, and on appeal the judgment was not modified. This is a question, therefore, which as a matter of law can not be raised again in this appeal involving the assessment and collection of the costs, although it seems that the court below did not fail to consider the degree of temerity of the plaintiff in reducing the amount of attorney's fees to $200, in which it did not abuse its discretion.

For all of the foregoing the appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.